IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 25, 2004 Session

## BETTY L. HAMPTON v. WAL-MART STORES, INC.

**Appeal from the Circuit Court for Loudon County**
**No. 6901     Russell E. Simmons, Jr., Judge**

---

**No. E2004-00401-COA-R3-CV - FILED NOVEMBER 5, 2004**

---

This is a premises liability case wherein the plaintiff alleges that she was injured when she slipped and fell on spilled baby food while shopping at the defendant's store. After trial of the case before a jury, the trial court granted the defendant's motion for a directed verdict and dismissed the case upon grounds that the plaintiff failed to present proof that the defendant had notice of an unreasonably dangerous condition. We affirm the judgment of the trial court and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Cause Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and D. MICHAEL SWINEY, JJ., joined.

James Lee Milligan, Jr. and Michael S. Shipwash, Knoxville, Tennessee, for the Appellant, Betty L. Hampton.

Charles G. Taylor, III, Knoxville, Tennessee, for the Appellee, Wal-Mart Stores, Inc.

### OPINION

This is a action for personal injury in which plaintiff/appellant, Betty L. Hampton, alleges that she slipped and fell on baby food which had spilled from a broken jar onto the floor of the store of defendant/appellee, Wal-Mart Stores, Inc.(hereinafter "Wal-Mart"). In her complaint Ms. Hampton specifically alleges, *inter alia*, the following:

> 4. That on or about September 23, 2001, the plaintiff Betty Lowe Hampton was at Wal-Mart, for the purpose of purchasing food.
>
> 5.  That while the plaintiff was walking through Wal-Mart towards the check out, plaintiff stepped on a broken jar of baby food, causing plaintiff to

tumble to the floor.  That there were no signs and/or any type of warning posted on or around said broken jar indicating that there was a safety hazard.

6. That the defendant knew or should have known that said broken jar was a harmful safety hazard therefore had actual and/or constructive notice of such hazard.

7.  The plaintiff would aver that as a direct and proximate result of the negligence and/or gross negligence of the defendant Wal-Mart Stores, Inc. in not maintaining the aforementioned premises in a safe and suitable condition for which they were intended, in not posting signs or other types of warnings as to possible dangerous conditions existing in the broken jar on the floor and failing to make reasonable inspections for said safety hazards, the plaintiff has suffered serious injuries to her lower back.  Plaintiff has incurred the associated costs and expenses in the treatment of her injuries.  Plaintiff has endured and shall continue to endure much pain and suffering for the remainder of her life.

Based upon these allegations the complaint demands that Ms. Hampton be awarded a judgment against Wal-Mart for damages in the amount of $74,000.00 and prejudgment interest.

Ms. Hampton's case was subsequently tried before a jury.  Ms. Hampton testified on behalf of herself and called no other witnesses. At the close of the Plaintiff's proof, Wal-Mart made an oral motion for a directed verdict upon grounds that the Plaintiff  had failed to present proof that Wal-Mart created the condition which allegedly caused her injury or that the condition had been of sufficient duration to present Wal-Mart with notice of its existence.  The trial court entered its judgment granting this motion and dismissing Ms. Hampton's case with full prejudice.  Thereafter, Ms. Hampton filed the instant appeal.

The sole issue we address is whether the trial court erred in granting a directed verdict in this case.

In *Spann v. Abraham*, 36 S.W.3d 452, 462 (Tenn. Ct. App. 1999) we recognized the well-settled standard appropriate to the review of a motion for directed verdict:

[O]ur task is to review the record to determine whether [the plaintiff's] evidence was sufficient to create an issue for the jury to decide.  In conducting this review, we do not weigh the evidence or evaluate the credibility of the witnesses.  Rather, we review the evidence most favorably to the party opposing the motion, give that party the benefit of all reasonable inferences from the evidence, and also disregard all evidence contrary to that party's position.

Directed verdicts are appropriate only when reasonable minds can reach one conclusion.  A case should go to the jury, even if the facts are undisputed,

when reasonable persons could draw conflicting conclusions from the facts. These conclusions, however, must be based on more than speculation, conjecture, and guesswork. A trial court may direct a verdict where the plaintiff's evidence fails to establish a prima facie case.

(Citations omitted.)

In *Jones v. Zayre*, 600 S.W.3d 730, 732 (Tenn. Ct. App. 1980) we noted the following prerequisites to holding a business owner liable for an injury sustained on its premises:

> Before an owner or operator of premises can be held liable for negligence in allowing a dangerous or defective condition to exist on its premises, it must have (1) been created by the owner or operator or his agent or, (2) if the condition was created by someone other that the owner or operator or his agent, there must be actual or constructive notice on the part of the owner or operator that the condition existed prior to the accident.

> If liability is to be predicated on constructive knowledge by the Defendant, the proof must show the dangerous or defective condition existed for such length of time that the Defendant knew, or in the exercise of ordinary care should have known of its existence.

Ms. Hampton presented no direct proof that Wal-Mart had actual notice of the dangerous condition alleged and does not contend otherwise. We are compelled to the conclusion that she also failed to present circumstantial evidence which would allow a jury to decide if the substance which allegedly caused Ms. Hampton to fall had been on the floor "for such length of time that [Wal-Mart] knew, or in the exercise of ordinary care should have known of its existence."

In support of her argument that the trial court erred in granting the motion for a directed verdict, Ms. Hampton first references her testimony at trial that, immediately after she fell, she observed the approach of a man with a mop:

Q After the fall but prior to the manager coming did any other employees come up to you?

A There was an older gentleman that came from this direction over here that had a mop in his hand. He was an older gentleman, thin, had thin hair on top is all I can remember.

Q And this was right after you fell he came with a mop?

A Yes.

Ms. Hampton indicates that this testimony constitutes circumstantial evidence from which "the jury could infer that someone reported the spill and this gentleman was on his [way] to clean it up."

This testimony is certainly not sufficient to establish that the baby food on the floor had been there so long that Wal-Mart knew, or should have known, of its existence prior to the time of Ms. Hampton's fall. A jury could not determine from this testimony whether the employee with the mop was aware of the spilled baby food prior to Ms. Hampton's fall or whether he only learned of its existence after Ms. Hampton fell. Any conclusion a jury might reach based upon this evidence would necessarily be based on "speculation, guesswork and conjecture."

In further support of her argument that the trial court erred in its grant of a directed verdict, Ms. Hampton references her additional testimony regarding the appearance of the spilled baby food at the time of her fall. Apparently the testimony to which Ms. Hampton refers in this regard was as follows:

Q And once you were up did you ever figure out what you slipped on?

A Yeah, it was baby food. It looked like apple sauce, ground up apple sauce. It was in the floor and it had splattered all the way across the aisle and had skimmed over. It was dry on top and the thicker parts were still wet on the bottom.

Ms. Hampton's apparent contention is that this testimony that the baby food "had skimmed over" constitutes circumstantial evidence from which the jury could reasonably infer that the baby food had been on the floor long enough for Wal-Mart to have constructive notice of its existence prior to her fall. Again, it is our determination that a jury considering this evidence could do no more than guess, conjecture or speculate as to its import with respect to the question of the extent of time the baby food had been on the floor. Ms. Hampton presented no evidence regarding how long it would have taken the baby food to assume a "skimmed over" appearance and under cross examination Ms. Hampton admitted that she herself does not know how long it takes baby food to skim over.

For the foregoing reasons, the judgment of the trial court is affirmed and the cause is remanded for further action consistent with this opinion. Costs of appeal are adjudged against Betty L. Hampton and her surety.

_____
**SHARON G. LEE, JUDGE**
